**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**Jeanette Duff Murphy,**   Case No.:
**an individual**
      **Plaintiff,**   **JURY TRIAL DEMANDED**
**v.**

**Account Receivable Management of Florida, Inc.,**
**a corporation; and Mr. Edward Jones, an individual**

      **Defendant.**
_____/

**COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES
AND DEMAND FOR JURY TRIAL**

### I.   Introduction

1. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (hereinafter "FDCPA"), and violations of the Florida Consumer Collection Practices Act, Fla. Stat. §559.72 (hereinafter "FCCPA").  These laws prevent creditors and debt collectors from, *inter alia*, engaging in abusive, deceptive, and unfair collection practices.

### II.   Jurisdiction & Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### III. Parties

4. Plaintiff, Jeanette Duff Murphy (hereinafter, "Plaintiff"), is an adult individual residing at 125 73rd Avenue North, Apt. 107, St. Petersburg, FL 33702.

5. Defendant, Account Receivable Management of Florida, Inc. (hereinafter, "ARM" or "the Defendant"), is a Florida corporation engaged in the business of collecting debts in this state with its principal place of business located at 9000 Regency Square Blvd., Ground Floor, Jacksonville, FL, 32207.

6. The principal business activity of ARM is the collection of debts using the U.S. mail and telephone. ARM regularly attempts to collect debts alleged to be due to a third party.

7. At all times herein, ARM was a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

8. At all times herein, ARM was a "debt collector" as defined under Florida Statute §559.55(6).

9. At all times herein, ARM was a "person" as used in the threshold language of Fla. Stat. §559.72.

10. Defendant, Edward Jones (hereinafter "Defendant Jones"), is a natural person employed by ARM as a collection agent.

11. Defendant Jones is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6).

12. At all times herein, Defendant Jones was a "person" as used in the threshold language of Fla. Stat. §559.72.

### IV. <u>Facts Common to All Counts</u>

13. The Plaintiff has retained the undersigned attorney for the purpose of pursuing this matter against the Defendants and is obligated to pay her attorney a reasonable fee for his services.

14. All conditions precedent to the filing of the action occurred or have been waived by the Defendants.

15. At some point prior to the filing of this instant action, a debt owed by the Plaintiff to Buckeye Check Cashing of Florida, Inc. d/b/a "Check Smart" (hereinafter, "Check Smart") was sold, transferred or assigned by Check Smart to ARM (hereinafter, "the Debt").

16. The Debt was originally incurred by the Plaintiff, for non-commercial reasons, from Check Smart, within the state of Florida.

17. The Plaintiff is an ex-military person who has been with the Department of Defense for over 26 years.

18. At all times material to the facts of this case, both Defendants knew that the Plaintiff was employed by the Department of Defense.

19. ARM and Defendant Jones have access to the Plaintiff's current cell phone number and home address.

20. Notwithstanding their ability to call the Plaintiff directly on her cell phone, on September 25th, 2007, in an effort to collect upon the Debt, Defendant Jones called the Plaintiff at her place of employment. Upon reaching the receptionist, Defendant Jones did not ask to speak with the Plaintiff and instead asked only to

speak with the Plaintiff's supervisor. Due to the unavailability of the Plaintiff's supervisor, the supervisor's secretary instead transferred the call to the Plaintiff. In speaking with the Plaintiff, Defendant Jones was very rude; he yelled and berated the Plaintiff. The Plaintiff expressly asked Defendant Jones to never call her place of employment again.

21. Defendant Jones called the Plaintiff's place of employment with the intent to disrupt her professional life as a means to collect upon the Debt.

22. On October 2, 2007, Defendant Jones, in an effort to collect upon the Debt, again called the Plaintiff's place of employment. Defendant Jones did not ask to be connected to the Plaintiff, but rather again asked to be connected to her supervisor Defendant Jones left a voicemail message, as the Plaintiff's supervisor was unavailable at the time.

23. After hearing the message left by Defendant Jones, the Plaintiff's supervisor pulled the Plaintiff into his office and admonished her that under the policies of the Department of Defense, that she could be subject to disciplinary action for allowing her personal debts to create a distraction in the workplace.

24. On October 3, 2007, Defendant Jones, in an effort to collect upon the Debt, again called the Plaintiff's supervisor's secretary, asking for the Plaintiff's supervisor. The Plaintiff's supervisor was unavailable so Defendant Jones left another voice mail. In the voice mail Defendant Jones described who he was and where he was calling from, then stated that he wanted to speak with the Plaintiff's supervisor about the Plaintiff. Specifically, Defendant Jones states that he wanted to confirm whether he was the Plaintiff's direct supervisor and whether the Plaintiff is

military or civilian. Defendant Jones further stated that the Plaintiff was not returning any of his phone messages and that he has "a problem with her."

25. After learning about the voice message left for her supervisor by Defendant Jones, the Plaintiff called ARM and asked to speak with Defendant Jones' supervisor. The Plaintiff was connected to someone named, "Aaron." After attempting to complain about Defendant Jones' actions, the Plaintiff was quickly interrupted and scolded that she "better pay this! You're a deadbeat." The Plaintiff was then put on hold and transferred to Defendant Jones. The Plaintiff again told Defendant Jones that he was not to call her place of employment again. Defendant Jones replied by shouting, "I will call who ever I want until you pay this!"

26. Later that same day, October 3, 2007, around 5:36pm, the Plaintiff received a voice mail from a co-worker explaining that Defendant Jones had called the Plaintiff's place of employment again. This time, Defendant Jones had left a voicemail for the Plaintiff's co-worker wherein he states "I need help contacting [the Plaintiff]. She refuses to answer my phone calls. I need to speak with her supervisor, if there is anything you can do to get me through to her supervisor, I'd appreciate it."

27. As a direct result of the Defendants' collection efforts the Plaintiff has experienced actual damages, specifically: loss of sleep, loss of appetite, high stress, physical illness due to high stress, damage to her personal and professional reputation, and embarrassment.

**First Claim for Relief**

The Plaintiff re-alleges paragraphs one (1) through twenty-seven (27) as if fully restated herein, and further states as follows:

28. The foregoing acts and omissions of each of the above referenced Defendants constitute several different violations of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(1), 1692c(b), and 1692e(5).

29. The Defendants are subject to and have violated 15 U.S.C. 1692c(a)(1) by communicating and attempting to communicate with the Plaintiff at a place known to be inconvenient to the Plaintiff. Specifically, the Defendants communicated with the Plaintiff at her place of employment after being expressly advised by the Plaintiff that they were not to do so.

30. The Defendants are subject to and have violated 15 U.S.C. § 1692c(b) by communicating, in connection with the collection of a debt, without the prior consent of the Plaintiff, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post-judgment judicial remedy, with persons other than the Plaintiff, her attorney, a consumer reporting agency, the original creditor, the attorney of the creditor, or the attorney of the debt collector. Specifically, the Defendants violated 15 U.S.C. § 1692c(b) in leaving voice messages for the Plaintiff's co-workers and supervisor with unlawful details about the Debt and the Plaintiff's private affairs.

31. The Defendants are subject to and have violated 15 U.S.C. 1692e(5) by using false, misleading, or deceptive representations in connection with the collection of a debt. Specifically, the Defendants made the false representation that they had

the ability and right to contact any person connected to the Plaintiff until the Plaintiff paid the Debt.

32. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff for a declaratory judgment that the Defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, costs and attorney's fees.

## Second Claim for Relief

The Plaintiff re-allege paragraphs one (1) through twenty-seven (27) as if fully restated herein and further states as follows:

33. The foregoing acts and omissions of each of the above referenced Defendants constitute several different violations of the FCCPA, including but not limited to Fla. Stat. §§ 559.72(4), 559.72(5), 559.72(7), and 559.72(8).

34. The Defendants are subject to, and have violated the provisions of, the Florida Statute §559.72(4) by communicating and threatening to communicate with the Plaintiff's employer without first obtaining written permission from the Plaintiff to do so, or other proper written acknowledgement from the Plaintiff.

35. The Defendants are subject to, and have violated the provisions of, the Florida Statute §559.72(5) by disclosing in voice messages to persons other than the Plaintiff, her family, or her attorney, information affecting the Plaintiff's reputation with knowledge that such persons have no legitimate business need for the information.

36. The Defendants are subject to, and have violated the provisions of, Florida Statute §559.72(7) by collecting consumer debts from the Plaintiff through means which

can reasonably be expected to abuse or harass the Plaintiff.

37. The Defendants are subject to, and have violated the provisions of, the Florida Statute §559.72(8) by using willfully abusive language in communicating with the Plaintiff.

38. As a result of the above violations of the FCCPA, the Defendants are liable to the Plaintiff for her actual damages, statutory damages, costs and attorney's fees.

**WHEREFORE,** Plaintiffs demand a trial by jury on all issues so triable and judgment against the Defendants for the following:

   a. Declaratory Judgment that Defendants' conduct violated the FDCPA and declaratory and injunctive relief for the Defendants' violation of the FCCPA;

   b. Actual damages;

   c. Statutory damages pursuant to 15 U.S.C. § 1692k;

   d. Statutory damages pursuant to Fla. Stat. § 559.77(2)

   e. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Fla. Stat. § 559.77(2); and

   f. For such other relief as may be just and proper.

Respectfully Submitted,

Dated: October 27, 2007      /s/ Richard M. Dauval
**Richard M. Dauval, Esq.**
Leavengood & Nash, P.A.
2837 First Avenue North
St. Petersburg, FL 33713
(727) 327-3328
(727) 347-7921 fax
FBN: 0664081

**Demand for Jury Trial**

**Please Take Notice** that Plaintiff demands trial by jury in this action.

Dated: October 27, 2007      /s/ Richard M. Dauval
**Richard M. Dauval, Esq.**
Leavengood & Nash, P.A.